C. C. TATE v. THE STATE.

No. 1952. Decided October 30, 1912.

**1.—Rape—Evidence—Age of Prosecutrix.**

Upon trial of rape, it was reversible error to admit testimony to prove by general reputation the age of the prosecutrix.

**2.—Same—Charge of Court—Age of Prosecutrix.**

Where, upon trial of rape, there was considerable evidence that the prosecutrix was born on a certain date which made her over fifteen years of age, the court should have submitted an affirmative charge in regard to this matter.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Wagstaff* and *Cunningham & Sewell* and *C. L. Hailey,* for appellant.—On question of proving age of prosecutrix by general reputation: Sims v. State, 70 S. W. Rep., 90; Johnson v. State, 59 S. W. Rep., 898; 1 Ency. Ev., p. 735.

On question of court's charge: Simpson v. State, 81 S. W. Rep., 320; Taylor v. State, 6 S. W. Rep., 42.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question as to proof of age: Tull v. State, 55 S. W. Rep., 61; Donley v. State, 44 Texas Crim. Rep., 428; Sheppard v. State, 56 id., 604; Curry v. State, 50 id., 158; Stone v. State, 45 id., 91; Rowan v. State, 57 id., 625; Simpson v. State, 46 id., 551; Tores v. State, 63 S. W. Rep., 880.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape, the allegation being that the girl was under fifteen years of age. This was a very seriously contested issue upon the trial, the father, mother, sister and brother of the prosecutrix being divided on the age as were some of the other witnesses as to whether she was born on the 29th of February, 1896, or on the 28th of February, 1898. In regard to this particular question there was quite a lot of alleged newly discovered evidence attached to the motion for new trial. In view of the disposition of the case we deem it unnecessary to discuss this as it will not be newly discovered evidence upon another trial.

The State was permitted, over the objections of appellant, to introduce through several witnesses, mainly the constabulary, that the general reputation at Abilene and in that community was that the girl was about thirteen years of age, and to the effect that she was under fifteen years of age. Numerous grounds of objection were urged to the admission of this testimony. This testimony was not admissible. The age of the prosecutrix could not be proved by general reputation. Sims v. State, 70 S. W. Rep., 90; 1 Vol. Ency. of Ev., 735. The admission of this testimony was clearly error.

The court's charge is criticised in that it failed to pointedly instruct the jury in regard to appellant's defensive matter, to wit: that the girl was over fifteen years of age. There is considerable evidence to the effect that she was born on the 29th day of February, 1896, and was what the witnesses called a leap year child, and prosecutrix herself testified she always understood she was a leap year child, and that she had only two regular birthdays, one in 1904 and the other in 1908. That inasmuch as the birthday which would ordinarily occur at the end of the four years could not occur in the year 1900 because not

divisible by 400, therefore, she did not have a birthday that year. The contention of appellant is that the charge as given did not call this matter to the attention of the jury, and only submitted in a general way that if the jury should find beyond a reasonable doubt, etc., that appellant had carnal knowledge of the prosecutrix and she was not his wife, and that she was under the age of fifteen years, etc., he would be guilty. We are of opinion that upon another trial the attention of the jury in the court's charge should be pertinently and affirmatively called to the testimony which presents that issue, that is, that she was born in 1896; that if the jury should find that she was born that year, that appellant could not be guilty of rape under this indictment.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*